IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TA WA CHIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MULTIVAC, INC., ET AL. | : | NO. 07-3436 |

<u>ORDER-MEMORANDUM</u>

**AND NOW**, this 15th day of November, 2007, upon consideration of Defendant Koch Equipment, LLC's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), and Plaintiff Ta Wa Chin's response thereto, **IT IS HEREBY ORDERED** as follows:

1. Koch Equipment, LLC's Motion to Dismiss (Docket No. 4) is **DISMISSED WITHOUT PREJUDICE**.

2. The parties are directed to initiate promptly and to complete by January 16, 2008, discovery on the issue of personal jurisdiction.

3. Thereafter, Koch Equipment, LLC shall either renew its motion to dismiss pursuant to Rule 12(b)(2) or file an answer to the complaint by January 30, 2008.

Plaintiff Ta Wa Chin has brought this personal injury action alleging negligence and strict liability against Defendants Multivac, Inc. ("Mutlivac"), Koch Equipment, LLC ("Koch Equipment"), and Koch Supplies, Inc. ("Koch Supplies") stemming from injuries he allegedly sustained as a result of the operation of a food packaging machine.  Currently before us is Koch Equipment's Motion to Dismiss for lack of personal jurisdiction.

**I.    BACKGROUND**

The Complaint alleges that Plaintiff purchased a second hand food-packaging machine that was manufactured by Multivac and was sold and/or distributed by Multivac, Koch Equipment, Koch

Supplies, and/or their predecessors in interest.  On April 26, 2005, Plaintiff attempted to adjust the compression function of the machine by placing his hand over the machine's compression area, which is located above the hot plate where plastic wrapping is sealed shut.  Without warning, the machine thrust the hot plate upward, crushing Plaintiff's hand and causing amputation injuries.

The Complaint was originally filed in state court, but Defendants removed the action to our court on August 20, 2007.  On August 24, 2007, Koch Equipment filed the instant motion to dismiss for lack of jurisdiction.  Meanwhile, Plaintiff filed a motion to remand on September 17, 2007.  We denied Plaintiff's motion to remand on October 4, 2007, and directed Plaintiff to file a response to the motion to dismiss.  Plaintiff filed his response on October 19, 2007.

## II.   STANDARD

"[I]n reviewing a motion to dismiss under Rule 12(b)(2), we 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'"  Pinker v. Roche Holdings, Ltd., 292 F.3d 361 (3d Cir. 2002) (quoting Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992).  Nonetheless, a motion made pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings."  Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Therefore, once a defendant has properly raised a jurisdictional defense, the plaintiff bears the burden of proving, either by sworn affidavits or other competent evidence, sufficient contacts with the forum state to establish personal jurisdiction.  North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990).  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."  Time Share Vaction Club, 735 F.2d at 66 n.9.  Any disputes created by the affidavits, documents, or other records submitted for the court's consideration

are resolved in favor of the non-moving party. Irons v. Transcor Am., Civ. A. No. 01-4328, 2002 U.S. Dist. LEXIS 14149, at *3 n.1 (E.D. Pa. July 8, 2002) (citation omitted).

The plaintiff must establish the defendant's contacts with the forum state with reasonable particularity. Snyder v. Dolphin Encounters, Ltd., 235 F. Supp. 2d 433, 436 (E.D. Pa. 2002) (citation omitted). "To establish specific jurisdiction a plaintiff must show that the defendant has minimum contacts with the state 'such that [the defendant] should reasonably anticipate being haled into court there.'" North Penn Gas, 897 F.3d at 690 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "Specific jurisdiction is established when a nonresident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citation omitted). To assert general jurisdiction, the plaintiff must establish that the defendant's contacts with the forum state were "continuous and substantial." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987); Gehling v. St. George's Sch. of Med., 773 F.2d 539, 541 (3d Cir. 1985).

### III. DISCUSSION

Koch Equipment asserts that we do not have specific or general jurisdiction over it. With respect to specific jurisdiction, Koch Equipment contends that it did not exist as a company until 2000, and that Plaintiff's counsel has stated that the machine at issue in this case was manufactured in the mid-1980s.[1] Thus, Koch Equipment argues that it plainly did not manufacture, sell, or distribute the machine at issue, and that Plaintiff's accident could not have arisen from or be related

---

[1] Koch Equipment does not state in what context Plaintiff's counsel made this representation.

to any activity or undertaking by Koch Equipment.[2]

In his response to the Motion to Dismiss, Plaintiff maintains that we have specific jurisdiction over Koch Equipment because it maintains minimum contacts with the state such that it could reasonably expect to be haled into court here. In support of that assertion, Plaintiff notes that there is a related case in state court, brought by an individual named Chul Euon Song, against him, Koch Equipment, and others, stemming from an injury Song allegedly received from the same machine at issue in this case. Plaintiff asserts that, in this related case, Koch Equipment filed answers to interrogatories admitting that approximately 4% of its business, both in terms of sales and dissemination of product catalogs, is conducted in Pennsylvania. However, Plaintiff does not attach the answers to interrogatories to his response brief, explaining that they were placed under seal because they contained proprietary information. Plaintiff does attach to his response brief materials that he identifies as excerpts from Koch Equipment's website. Those materials state that Koch Equipment has been in existence since 1888, not 2000 as asserted in Koch Equipment's brief. They also state that Koch Equipment has operations not only in the United States but also in the former Soviet Union, Poland, Hungary, the Czech Republic, Slovakia, China, Micronesia, Trinidad, Mexico, and other countries, which according to Plaintiff, demonstrates that Koch Equipment is international

---

[2] The remainder of Koch Equipment's motion is devoted to the issue of general jurisdiction. In that regard, Koch Equipment contends that it does not engage in "continuous and substantial" activities in Pennsylvania. Specifically, it attaches to its motion an affidavit of Scot Nord, Koch Equipment's Chief Operating Officer, in which Nord avers that Koch Equipment (1) has never maintained an office, business facility, telephone number, bank account or other financial account in Pennsylvania; (2) has never had any agents or employees in Pennsylvania; (3) has never had any interest in real or personal property in Pennsylvania; (4) has never been a party to a legal action in Pennsylvania; (5) and has never paid any taxes to a taxing authority in Pennsylvania. In response, Plaintiff does not identify any evidence that Koch Equipment has the "continuous and substantial" contacts in Pennsylvania that are necessary to establish general jurisdiction, and he therefore appears to be relying solely on specific jurisdiction.

in scope. The excerpts further state that Koch Equipment has satellite warehouses in Georgia, California, Alabama, and Arkansas, and show that it conducts trade shows and events in a variety of states, although not specifically in Pennsylvania.

At this time, Plaintiff's evidence of minimum contacts with Pennsylvania is insufficient for us to conclude that we have specific jurisdiction over Koch Equipment. As an initial matter, while Plaintiff asserts that Koch Equipment conducts approximately 4% of its business in Pennsylvania, he has not supported this assertion with any competent evidence or affidavits. Additionally, even if we were to accept the purported excerpts from Koch Equipment's website as admissible evidence, the statements that Koch Equipment conducts operations in various countries, has warehouse locations in several states, and organizes trade shows and events in numerous states other than Pennsylvania, in no way supports a conclusion that it has any contacts with Pennsylvania.

Plaintiff has requested the opportunity to conduct discovery if we believe that his proof of our jurisdiction over Koch Equipment is lacking. The United States Court of Appeals for the Third Circuit has stated that "[a]lthough the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). Under the circumstances here, we find that it would be appropriate to allow Plaintiff the opportunity to conduct limited discovery pertaining to the issue of Koch Equipment's contacts with Pennsylvania.

BY THE COURT:

s/ John R. Padova, J.
John R. Padova, J.